**GALLICK, Admrx., Appellant v. OTT, Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 3280.   Decided October 29, 1940.

Sheck, Marsteller & Wendelken, Akron, for appellant.
Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

**OPINION**

By STEVENS, J.

The action filed in the Court of Common Pleas was one for the recovery of damages for the alleged wrongful death of plaintiff's decedent. Said decedent was an employee of Summit county, and as a result of his death compensation from the workmen's compensation fund of Ohio was paid to his dependents.

Whether the defendant, Ott, was an employee of Summit county or an independent contractor, was brought into issue by the pleadings.

All of counsel are agreed that, should it be determined that Ott was a servant or agent of the county, then no right of recovery against him could exist in plaintiff, because of her election to accept industrial compensation.

It is further conceded that the contrary might be true, in the event it were decided that Ott was an independent contractor.

It may be here observed that the evidence introduced by both parties to the litigation is not in conflict as to the facts. Such a situation, under the rule announced in **Schickling v. Post Publishing Co., 115 Oh. St., 589,** would have required the trial court to determine as a matter of law what the relationship existing between the parties was. However, in **Leonard, etc., v. Kreider, 128 Oh. St., 267,** it was held that, where the evidence was not in conflict, but reasonable minds might reasonably reach different conclusions as to the inferences to be drawn from the evidence, there was presented a question for the consideration of the jury. See also **Sack v. Nunn & Son, 129 Oh. St., 128.**

To obviate the necessity of the jury passing upon the inferences to be drawn from the undisputed facts, defendant requested the trial court to require the jury to return a special verdict, under §11420-16 GC. In pursuance thereof, the court concluded that there was no necessity for submission of the special verdict to the jury, and that the court was required to draw the conclusions of law warranted by the undisputed facts, in the same manner as would have obtained had the facts been found by the jury upon the request for a special verdict. With that conclusion, counsel for both parties agreed.

The trial judge thereupon announced that the undisputed evidence required the conclusion of law that the defendant, Ott, was an employee of Summit county, and not an independent contractor, and accordingly entered judgment for the defendant.

Appeal on questions of law brings the matter before this court.

The sole question thus presented for determination by this court is whether, as a matter of law, the trial court erred in concluding from the evidence that the relationship of master and servant existed between the defendant, Ott, and Summit county.

The facts as disclosed by the evidence are as follows:

The defendant, Ott, was the owner of a dump truck, adaptable to hauling slag. Summit county, through its maintenance department, was engaged in building a secondary road upon what is known as "Ledge Road," near Northfield, Ohio, and in the improvement was surfacing said road with slag, purchased from a slag producer in Cleveland, Ohio.

Summit county deciding to have said slag hauled from Cleveland by truck, rather than to transport it by rail, hired a number of truck owners to haul the slag. From the undisputed evidence the following appears:

1. The defendant, Ott, was not employed for any fixed period of time.

2. He was not employed to haul any fixed quantity of slag.

3. The foreman in charge of the construction, or plaintiff's decedent, Gallick, gave the truck owners directions from time to time as to the size of slag to be hauled.

4. Truck owners were required to deliver, to the timekeeper on the job, weigh slips for slag hauled, before the slag was unloaded.

5. Instructions were given by the agents of the county to the truck drivers as to the place and manner of unloading each load of slag.

6. Decedent, Gallick, was the man employed by the county to operate the trip levers on the dump trucks, in order to open the tail gates and permit the unloading of the slag.

7. Instructions were given by the agents of the county as to the hours within which slag could be unloaded on the job, and also that no slag should be unloaded on rainy days.

8. Ott was required to procure and keep in force a policy of public liability and property damage insurance on his truck while working for the county.

9. Ott was paid by the ton for slag hauled.

10. Ott provided his truck and gasoline, oil, tires and repairs therefor, drove a route selected by himself, at a rate of speed, and with such a load, as his own judgment dictated.

11. On the day of decedent's death, Ott drove onto the road in question with a load of slag, of the size which he had been directed to bring, and, after a short wait, asked Gallick "where he wanted the load dumped." Gallick instructed him to pull over to the left side of the road, in order to spread his load upon the road. Ott thereupon slightly raised the front of the dump body of his truck, and was told by Gallick, who was standing beside the driver's window of his truck, preparatory to pulling the trip lever up, to move forward so as to get a thin spread. Apparently, then, Gallick fell under the wheels of the truck and was crushed so badly that he died.

The almost universally accepted test to ascertain whether a relationship is that of master and servant or independent contractor, is right of control.

In Miller v. Metropolitan Life Ins. Co., 134 Oh. St., 289, the Supreme Court of Ohio said, at p. 292:

"The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, or the right to control, the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relation is that of employer and independent contractor. * * *

"* * * That which distinguishes an independent contractor from an agent is the freedom from employer control over the work contracted for. The control exercised by an independent contractor over his work is exclusive of that exercised by any other. Where it is not thus exclusive, and its execution must conform to the directions and instructions of the employer, the relation is that of agent and not of independent contractor."

A very comprehensive annotation on the subject of the relationships existing between truck drivers and their employers is found in 120 A. L. R., 1031. There are cited a variety of circumstances to be taken into consideration in determining what the relationship existing between the truck owner and his employer is. Among those circumstances are the following:

Was there an agreement as to any fixed quantity of material to be hauled? Was there a fixed period of time over which the hauling should continue? Did the hirer have the right to discharge the truck driver at will, without incurring liability for breach of contract? Did the truck driver have the right, without incurring liability, to discontinue work at any time, without the completion of a definite quantity of work? Did the hirer exercise any control as to hours of the day within which the hauling should be done? Did the employer exercise any control as to whether hauling should or should not be done during bad weather? Did the employer require the driver to load or unload at different places designated by him? Did the employer exercise control as to the method of loading or unloading, and supervise the loading or unloading? Did the employer require the driver to keep public liability insurance in force?

These, together with a variety of other circumstances, may properly be taken into consideration in determining the conclusion to be reached as to the relationship existing between the employer and the truck owner.

A consideration of all of the evidence shown by this record leads this court to the conclusion that the control to be exercised over the defendant, Ott, by the agents of Summit county, was of

42

such a nature as to be incompatible with the theory of independent contractor.

We therefore conclude that the trial court did not err when it decided that Ott was an employee of Summit county, and rendered judgment for the defendant. That judgment will be affirmed.

WASHBURN, P. J., and DOYLE, J., concur.